IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward Randall Rutland, | ) | C/A No. 9:06-2030-DCN-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER and OPINION** |
| South Carolina Department of Corrections; | ) | |
| and State of South Carolina | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____) | | |

## I.      INTRODUCTION

This matter is before the court on the magistrate judge's recommendation that Edward Randall Rutland's ("petitioner") petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 (2006), be dismissed without prejudice. The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (2006) wherein the magistrate judge concluded that petitioner failed to exhaust his state court remedies.

## II.     SCOPE OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. See 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual

findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision"). General objections will not suffice to obtain judicial review of a magistrate judge's findings. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

### III.     PRO SE PETITIONS

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.     FACTS

Petitioner is an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC") and is currently serving a thirty year sentence stemming from a guilty plea to charges of murder, possession of a pistol by someone under twenty-one years of age, pointing a firearm, assault with intent to kill, and possession of a firearm during the commission of a crime of violence. Petitioner was

convicted on December 6, 1997.

The only ground raised in petitioner's first PCR application, filed on May 28, 1998, was ineffective assistance of counsel. The first PCR application was dismissed on October 8, 1999. On December 2, 2004, petitioner filed a second PCR application raising the following grounds: lack of subject matter jurisdiction, ineffective assistance of counsel, involuntary guilty plea, and violation of due process rights. A hearing was held on petitioner's second PCR application, and petitioner is currently awaiting the state court's disposition.

## V.  PETITIONER'S OBJECTION

Petitioner argues that the state failed to render a decision on his second PCR application within the required time period.[1] Petitioner filed his second PCR application on December 2, 2004, and the state court has not yet ruled on the application. Because of this delay, petitioner argues that the state court no longer has subject matter jurisdiction over his claim. Petitioner also argues that this procedural default results in a miscarriage of justice and a violation of his due process rights.

A federal habeas court may consider only those issues which have been "'fairly presented" to state courts. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). The Fourth Circuit has stated that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a

---

[1] Petitioner argues that the state of South Carolina has 365 days to dispose of his case unless there is a written continuance order. Petitioner cites to the South Carolina Constitution, Article V, § 4 in support of his argument, but that section does not mention a 365 day requirement. Additionally, this court is unaware of any similar rule from any other source.

claim has been exhausted lies with the petitioner." Id.  On December 2, 2004, petitioner filed his second PCR application in state court.  A hearing has been held, and petitioner is currently awaiting its disposition.  Since petitioner's second PCR application is currently pending, he has a viable state court remedy which has not been fully utilized.  Thus, petitioner fails to prove that his claims have been exhausted and that the procedural default will result in a miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The federal court is precluded from hearing a procedurally defaulted claim unless petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  In order for this court to hear petitioner's claim, petitioner has to demonstrate that the state's failure to consider his claims will result in a fundamental miscarriage of justice.  Petitioner does not argue that the state failed to consider his claim; he argues instead that the state has failed to render a decision within one year.  Petitioner has not demonstrated that the state's delay in rendering its decision will result in a miscarriage of justice, nor has he demonstrated that he has exhausted his claims in state court.

As the magistrate judge correctly noted, the post conviction relief available to a South Carolina prisoner pursuant to the South Carolina Post Conviction Procedure Act, S.C. Code §§ 17-27-10 to 17-27-160 has been held a viable state court remedy by the Fourth Circuit.  See Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir. 1977).  State post-conviction procedure provides an

effective remedy to petitioners and is one which should be exhausted before federal relief can be considered.  <u>Patterson</u>, 556 F.2d at 1173.  Since a hearing has been held on petitioner's second PCR application and he is now awaiting its disposition, petitioner has a viable state court remedy which must be exhausted before seeking federal relief.

## VI.     CONCLUSION

For the reasons stated above and those stated by the magistrate judge, it is therefore **ORDERED** that this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice and without issuance and service of process upon respondents.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 31, 2006**
**Charleston, South Carolina**

5